```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-10054-CIV-MOORE
                                    MAGISTRATE JUDGE P.A. WHITE

ROBERT MICHAEL SHEPARD,             :

        Plaintiff,                  :

v.                                  :     PRELIMINARY REPORT
                                          OF MAGISTRATE JUDGE
SHERIFF BOB PERYAM, ET AL.,         :

        Defendants.                 :
_____
```

I.  Introduction

On April 23, 2008, the plaintiff Robert Michael Shepard filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 5].

In the initial complaint the plaintiff, an avowed Muslim, claims he has been denied a towel to substitute as a prayer rug during his religious observation. He sought to sue three corrections officers at the Monroe County Detention Center: Captain Age, Officer Daniels and Lt. Bluestone. He alleged that Officer Daniels has, for several months, provided him with only one towel which must be used for showering and for use as a prayer rug. He claims that Daniels is violating the terms of the MCDC rules, which provide that any inmate can obtain a towel for prayer or meditation at any time during the day or night. He further claims that Daniels advised him that there is a memo which states that the plaintiff is only entitled to one towel and that Captain Age "told him he is in his right." The plaintiff alleges that Lt. Bluestone is in agreement. The complaint was found to be sufficient to proceed against the named defendants.

The plaintiff has now filed a motion to amend adding several more defendants (DE#36). This cause is presently before the Court for initial screening of the amended complaint pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead

facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

     The plaintiff now seeks to add Sheriff Bob Peryam, Chief Tommy Taylor, Director Keena Allen, Sgts. Beverly Harper, Darlene McCloud, and Linda Simonet, as well as Officers Baptiste, Brashard, Joseph, Smith, Phillips and Word. He claims that since the initial filing of the complaint he has been subjected to continued denial of his religious freedom, as well as retaliation for filing the complaint.  He alleges that the following defendants have refused to provide him with a towel for his prayer, and retaliated against him:

    1. Keena Allen denied him a towel and refused to respond to
       his request slip.

4

2. Daniels[1], Smith and McCloud denied him a prayer towel, and Officer McCloud instructed officers not to provide him with a towel.

3. Officer Word told him he could have a towel, but at 11:00 p.m.

4. Officer Joseph told him he couldn't locate a towel and denied him a shower, which is required before prayer.

5. Officer Baptiste took his towel away, and locked him in his cell, and Officer Powell denied him a towel.

6. Officers Joseph and Baptiste refused him a shower and recreation in retaliation for filing of grievances.

7. He was given false disciplinary reports and during his hearing Office Simonet refused to call witnesses on his behalf.

8. An incident with Officer Brahsard resulted in a disciplinary report.

Denial of Religious Freedom

As stated in the initial Preliminary Report, the First Amendment, made applicable to the States through the Fourteenth Amendment, also "safeguards the free exercise of [one's] chosen form of religion." Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940). While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, see Cruz v. Beto, supra, prison regulations or policies "alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (holding that the

---

[1]Daniels has been named in the initial complaint and served.

Turner v. Safley standard of review is applicable to claims that an inmate's free exercise rights have been violated). O'Lone continued the Court's admonition to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prisons or jails. 482 U.S. at 350.

Under the Turner/O'Lone test, a governmental regulation or practice violates a prisoner's First Amendment right to freely exercise his religion if it is not reasonably related to a legitimate penological interest. Turner, 482 U.S. at 89; O'Lone, 482 U.S. at 349. Under the Free Exercise Clause of the First Amendment, an inmate must be accorded reasonable opportunity to practice his religion. What constitutes reasonable opportunity must be evaluated with reference to legitimate penological objectives such as rehabilitation, deterrence and security. Turner, supra; Mosier v. Maynard, 937 F.2d 1521 (10 Cir. 1991); McElyea v. Babbitt, 833 F.2d 196 (9 Cir. 1987).

In other words, the denial or restrictions of religious items, in this case a prayer towel must target the plaintiff's religion alone or be intentional discrimination against members of this religion. So long as the restrictions promote a legitimate reason such as safety they do not run afoul of the constitution. At this point, there is no indication that the defendants had a legitimate reason for imposing the restrictions.

The denial of freedom of religion claims should proceed beyond the screening and the Rule 12(b)(6) hurdles, as the plaintiff has stated a claim for relief under the Twombly or "heightened pleading" standard. The plaintiff has not specified whether he intended to sue the defendants in their individual or official

6

capacity.  A §1983 suit against the defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment.  <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

The plaintiff has stated sufficient facts to proceed against Officers Allen, McCloud, Baptiste, Joseph, Smith, Ward and Powell.

### Retaliation

As to the claims of retaliation for filing the complaint, claims of retaliation by prison officials, including retaliation against an inmate for filing lawsuits, are cognizable in a civil rights suit for damages.  See <u>Adams v. Wainwright</u>, 875 F.2d l536 (11 Cir. 1989); <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).  This principle is applicable even where the action taken would not otherwise offend the Constitution. <u>Wright v. Newsome</u>, 795 F.2d 964, 968 (11 Cir. 1986).

The plaintiff claims that these defendants denied him recreation and showers, required before prayer, in retaliation for filing grievances. He has stated sufficient facts against officers Joseph and Baptiste to proceed against them.

Denial of Due Process

The plaintiff claims that Officer Simonet failed to call witnesses on his behalf at the disciplinary hearing. The fundamental requirement of due process is the opportunity to be heard, at a meaningful time and in a meaningful manner. Armstrong v Manzo, 380 U.S. 545 (1965). In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court established that for loss of a liberty interest resulting from prison disciplinary proceedings, the minimum standards of due process require: 1) advance written notice of the violation; 2) a written statement of the fact finders as to the evidence relied upon, and reasons for the disciplinary action taken; and 3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. Wolff, supra, 418 U.S. at 563-66. Two decades later, in Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court, revisiting this area of the law, held that there are only two circumstances under which a prisoner [who is already deprived of his liberty by virtue of his incarceration] may be further deprived of his liberty so that due process is required: 1) when a change in an inmate's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the Court, Sandin, 515 U.S. at 484; Bass v. Perrin, 170 F.3d 1312, 1318 (11 Cir. 1999); or 2) when a state has consistently given a certain benefit to inmates (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, at 484; Bass, at 1318. In the first situation, the liberty interest exists apart from a state-created right, and the Due Process Clause applies "of its own force." Bass, supra, at 1318, n. 9 (citing

Sandin, supra at 484).  In the second situation, the liberty interest is created by the state. Bass at 1318.

The plaintiff has raised sufficient facts to raise an allegation of denial of due process against Simonet, as he has alleged that the minimum standards of due process were not met.

### Defendants Peryam, Chief Taylor, Sgt. Harper and Brashard

Peryam and Taylor are named solely in their supervisory position and the plaintiff has failed to allege they were involved in the alleged violations. The defendants cannot be sued for liability merely for an improper or even unconstitutional act of their employees under a theory of respondeat superior. Harper was named because she apparently saw another officer verbally antagonize Shepard and she refused to intervene. Brashard was named because an incident involving him resulted in a disciplinary report. This does not state a denial of a constitutional right. These defendants should be dismissed.

### Recommendations

1. Defendants Peryam, Taylor, Harper and Brashard are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

2. This complaint should proceed against McCloud, Baptiste, Joseph, Smith, and Word for denial of religious practice.

3. This claim should proceed against Officers Baptiste, and Joseph for retaliation for filing this complaint.

4. The claim should proceed against Simonet for denial of due process.

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint proceed against the named defendants in their individual capacity. The issue of qualified immunity and exhaustion cannot be determined in a motion to dismiss.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 12th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Robert Michael Shepard, Pro Se
     No. 7016725
     Monroe County Detention Center
     H Dorm
     5501 College Road
     Key West, FL 33040

     James Scarberry, Esq.
     Purdy, Jolly, et al
     Attorney of record